UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. ~~00-4070-SNOW~~ 00-6096-CR-WPD

UNITED STATES OF AMERICA,

VS.

MARIO ALVAREZ,

        Defendant.
_____/

## DETENTION ORDER

THIS MATTER came before the Court upon the Government's motion to detain the defendant, **Mario Alvarez**, prior to trial and until the conclusion thereof. Having received evidence and heard argument of counsel, the Court hereby GRANTS the motion and enters its written findings of fact and statement of reasons for the detention in accordance with the provisions of 18 U.S.C. § 3142(i).

A.    INTRODUCTION

On April 11, 2000, the Court held a hearing to determine whether any condition or combination of conditions of release will reasonably assure the appearance of the person as required and the safety of any person and the community. 18 U.S.C. § 3142(f). Based upon the evidence presented, the Court finds probable cause that the defendant, **Mario Alvarez**, committed an offense for which a maximum term of imprisonment of ten (10) years or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 801 et seq. This finding gives rise to a rebuttable presumption that no condition or combination of conditions



of release will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e). Assuming, arguendo, that the defendant has come forward with sufficient evidence to rebut the statutory presumption, the presumption "remains in the case as an evidentiary finding militating against release, to be weigh[ed] along with other evidence." United States v. Quartermaine, 913 F.2d 910, 916 (11th Cir. 1990); United States v. King, 849 F.2d 485, 488 (11th Cir. 1988). Throughout this proceeding, the burden of persuasion is upon the Government to establish by the "preponderance of the evidence" that the defendant poses a risk of flight and/or by "clear and convincing evidence" that he poses a danger to the community. Id. at 489; 18 U.S.C. § 3142(f). In determining whether the Government has met its burden by the requisite standard of proof, this Court must take into account the factors enumerated in 18 U.S.C. § 3142(g).

B.  FINDINGS OF FACT

1.  The defendant is charged with possession with intent to distribute cocaine and conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841 (a)(1) and 846. Therefore, the defendant is charged with crimes involving a narcotic drug. 18 U.S.C. § 3142(g)(1).

2.  The Court received credible evidence that the defendant committed the offenses with which he has been charged. On or about April 2, 2000, a vessel carrying a 1985 Dodge Ramcharger vehicle arrived at Port Everglades, Florida from Costa Rica. The accompanying documentation listed Omar Campos as both the shipper and the consignee, and subsequent investigation revealed that the vehicle was also registered to him.

2

Customs inspectors, assisted by a narcotics canine, searched the vehicle on the day of its arrival, and the canine alerted to the gas tank area. Customs inspectors then drilled the gas tank and discovered a white powdery substance, which tested positive for cocaine. Further inspection revealed 112 pounds of cocaine contained within 55 packages, all concealed inside a secret compartment in the center of the gas tank.

Thereafter, agents placed in the area of the gas tank a beeper that would be activated if the gas tank were accessed. Agents then parked the Dodge in the yard at Port Everglades and had Omar Campos contacted.

On April 5, 2000, Omar Campos and **Mario Alvarez** arrived at Port Everglades. Campos went into the appropriate office to obtain release of his vehicle. Campos then exited the building, entered the vehicle, and drove out of the gate; **Alvarez** trailed behind in a blue minivan. Campos drove the Dodge south to Miami and stopped at a Hialeah gas station; **Alvarez** proceeded to a storage facility in Miami. At the storage facility, agents observed **Alvarez** speaking to a tow truck driver. Subsequently, a tow truck appeared at the Hialeah gas station, picked up the Dodge, and drove it to the storage facility; Campos rode in the tow truck. At the storage facility, Campos placed the Dodge into a bay and then locked the door and departed the area.

On April 6, 2000, Campos and **Alvarez** returned with tools to the storage facility and entered the bay. Shortly thereafter, the beeper inside the vehicle was activated, alerting agents that the gas tank area was being accessed. Campos and **Alvarez** then left the bay. They returned later with boxes and departed again.

Agents placed both Campos and **Alvarez** under arrest. Agents then entered the

bay and discovered that the area by the gas tank had been accessed and the carpeting in the vehicle had been pulled back, exposing the beeper wires. Agents also located a jack, extension cords, a light, a bucket, and metal shears. 18 U.S.C. § 3142(g)(2).

    3.    The pertinent history and characteristics of the defendant are significant to this Court's assessment of his candidacy for bond. The defendant is a naturalized United States citizen, having been born and raised in Costa Rica. Although he has resided in South Florida for the past ten years, he reported travel to Costa Rica approximately every two months; he noted approximately ten to fifteen trips over the past two years. Further, he reported that he has four sisters and one brother residing in Costa Rica; another brother resides in New York.

The defendant reported that he has been married for the past fourteen years. He has two children from a previous relationship, one of whom resides in Costa Rica and another in New York.

The defendant advised that he has been self-employed for the past two to three years exporting automobile parts and tires to Costa Rica. He claimed no assets of significant value.

The Pretrial Services Report reflects that the defendant has been arrested for the following offenses: transporting illegal aliens (1978); and importation of marijuana (1979). The Report further reflects that he was convicted of transporting illegal aliens in 1978. 18 U.S.C. § 3142(g)(3)(A) and (B).

    4.    The Court received evidence concerning the nature and seriousness of the danger to the community that would be posed by the release of this defendant. The

defendant was personally involved in attempting to extract approximately 112 pounds of cocaine from a hidden compartment within a vehicle that had just arrived from Costa Rica. 18 U.S.C. § 3142(g)(4).

5. The Court specifically finds by the preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance at trial. 18 U.S.C. § 3142(e).

6. The Court specifically finds by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community. 18 U.S.C. § 3142(e).

C. STATEMENT OF REASONS FOR DETENTION

1. Based upon the above findings of fact, this Court concludes that the release of this defendant on bond prior to trial would present an unreasonable risk of flight. Although the defendant is a United States citizen with family in this country, he retains substantial ties to the country of his birth - Costa Rica - which he visits on a regular basis. Given the substantial period of incarceration he would face upon conviction (the Government estimates 188 to 235 months), coupled with his substantial ties to Costa Rica, the undersigned does not believe that he would be likely to appear if released on bond prior to trial.

2. Based upon the above findings of fact, this Court concludes that the release of this defendant on bond prior to trial would present an unreasonable danger to persons and to the community. The defendant was involved in the importation of a significant quantity - 112 pounds - of cocaine. The cocaine was secreted in the gas tank of a vehicle

that had been shipped to Port Everglades. Both the manner of the importation and the quantity of contraband reflect a fair degree of sophistication in international narcotics smuggling.

D.  DISPOSITION

Being fully advised, the Court hereby ORDERS that the defendant, **Mario Alvarez**, be detained prior to trial and until the conclusion thereof.

The Court further DIRECTS

1. That the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. That the defendant be afforded reasonable opportunity for private consultation with counsel; and

3. That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Fort Lauderdale, Florida this ___ day of April 2000.

BARRY S. SELTZER
UNITED STATES MAGISTRATE JUDGE

Copies to:

H. Frank Rubio, Jr., Esquire
10800 Biscayne Boulevard, Suite 570
Miami, Florida 33161-7805
Attorney for Defendant

Larry Bardfeld, Esquire
Assistant United States Attorney

United States Marshal

United States Pretrial Services